**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4133**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE GARFIELD RUSHIN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:16-cr-00140-1)

Submitted:  December 21, 2017                    Decided:  December 27, 2017

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

John A. Carr, Charleston, West Virginia, for Appellant.  Joseph Franklin Adams, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Garfield Rushin appeals his conviction and 120-month sentence entered pursuant to his guilty plea to aiding and abetting the possession with intent to distribute heroin. Rushin pled guilty pursuant to a written plea agreement. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the district court's application of the career offender enhancement. Rushin filed a pro se supplemental brief which also attacks the career offender enhancement. In addition, Rushin asserts that he received ineffective assistance of counsel when his attorney failed to raise certain objections to his career offender enhancement. The Government filed a motion to dismiss the appeal as barred by the appellate waiver contained in Rushin's plea agreement. We grant the motion and dismiss the appeal.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he "knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Rushin knowingly and voluntarily waived his right to appeal his conviction and sentence, with certain specified exceptions. Indeed, neither counsel

nor Rushin disputes the validity of the plea or waiver. Thus, we conclude that the waiver is valid and enforceable.

The claims raised by counsel and Rushin on appeal clearly fall within the scope of the broad appellate waiver, with the exception of Rushin's ineffective assistance of counsel claim which was expressly reserved in the plea agreement. However, because we conclude that ineffective assistance of counsel does not conclusively appear on the record, *see United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006), Rushin's ineffective assistance claim is not cognizable on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, this claim should be pursued, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal outside the scope of the waiver. We therefore grant the Government's motion to dismiss the appeal for the reasons stated herein. This court requires that counsel inform Rushin, in writing, of the right to petition the Supreme Court of the United States for further review. If Rushin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rushin. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*